PER CURIAM.
This is an appeal from a final summary judgment entered in favor of appellee/les-sor, Manucor Leasing. The trial court granted Manucor’s motion for summary judgment on the authority of Kraemer v. General Motors Acceptance Corp., 556 So.2d 431 (Fla. 2d DCA 1989), a decision which was subsequently quashed by the Florida Supreme Court in Kraemer v. General Motors Acceptance Corp., 572 So.2d 1363 (Fla.1990), which appellee concedes is now controlling. See also Raynor v. De La Nuez, 574 So.2d 1091 (Fla.1991). We reverse and remand.
The Chorzelewskis brought an action against Manucor, among others, alleging negligence against Manucor on the basis of *328 Florida’s dangerous instrumentality doctrine. The complaint alleged that Steven Chorzelewski was injured as a result of the negligent operation of a vehicle Manucor had leased to Pinnacle Pools, Inc., which was being operated by Richard Rodgers.
In its motion for summary judgment, Manucor asserted that it had released beneficial ownership of the vehicle to Steven Greene, the lessee. Manucor argued that because it was not the owner of the vehicle, it could not be held liable for the lessee’s negligence under the dangerous instrumentality doctrine, or in the alternative, that it was immune under section 324.021(9)(b), Florida Statutes (Supp.1986), from the type of liability Chorzelewski attempted to impose.
The trial court granted Manucor’s motion for summary judgment on the first issue only, and entered final summary judgment in its favor. Thereafter, the supreme court decided Kraemer and appellee then conceded here its effect upon the merits to the extent of appellee’s contingent policy limits of $100,000 given the lapse of Greene’s policy at the time of the accident.
The sole issue here is whether there is additional liability on Manucor’s part beyond the policy or whether the policy satisfies its statutory obligation.
We remand with direction to the trial court to make a determination upon that issue, it not having been previously considered by the trial court in light of the subsequent, controlling decision in Kraemer.
HERSEY, C.J., and LETTS and GLICKSTEIN, JJ., concur.